# EXHIBIT I

IN THE SUPERIOR COURT OF DECATUR COUNTY

STATE OF GEORGIA

FILED IN OFFICE
2023 Dec 14 PM 01:14
CECILIA WILLIS
CLERK OF SUPERIOR COURT
DECATUR COUNTY, GEORGIA
2023-304

STATE OF GEORGIA,                          )          CIVIL ACTION FILE
                                           )          NO. 23CV00260
            Plaintiff,                     )
                                           )
v.                                         )
                                           )
DECATUR COUNTY-BAINBRIDGE                  )
INDUSTRIAL DEVELOPMENT AUTHORITY           )          BOND VALIDATION
                                           )
and                                        )
                                           )
SAFER HUMAN MEDICINE, INC.,                )
                                           )
            Defendant.                     )

## PETITION AND COMPLAINT

TO THE SUPERIOR COURT OF SAID COUNTY:

The State of Georgia ("State"), by and through Joseph K. Mulholland, District Attorney of the South Georgia Judicial Circuit, files this Petition and Complaint against Decatur County-Bainbridge Industrial Development Authority ("Authority") and Safer Human Medicine, Inc. ("Company"), as Defendants, and respectfully shows:

1.

Defendant Decatur County-Bainbridge Industrial Development Authority is a body corporate and politic, and public instrumentality of the State, duly created and validly existing pursuant to the laws of the State, including particularly that certain amendment to the Constitution of the State, 1968 Ga. Laws 1780, as amended by 1981 Ga. Laws 3482 and as continued by 1985 Ga. Laws 3930 (collectively, "Act").

1

2.

The Authority has been duly created, and its directors have been appointed and are currently acting in such capacity. The Authority has been created for the public purpose of developing and promoting, for the public good and general welfare, trade, commerce, industry and employment opportunities within Decatur County, Georgia ("County") and the City of Bainbridge, Georgia ("City"). The Act empowers the Authority to issue its revenue obligations for the purpose of financing the cost of the acquisition, construction, installation, modification, renovation or rehabilitation of land, interests in land, buildings, structures, facilities or other improvements and the acquisition, installation, modification, renovation, rehabilitation or furnishing of fixtures, machinery, equipment, furniture or other property of any nature whatsoever used on, in or in connection with any such land, interest in land, building, structure, facility or other improvement, all for the essential public purpose of the development and promotion of trade, commerce, industry and employment opportunities, for any industrial, commercial, business, office, parking, public or other use, provided that a majority of the directors of the Authority determines, by a duly adopted resolution, that the project and such use thereof would further the public purpose of the Act.

3.

The Act further provides that the Authority shall be required to pay no taxes or assessments imposed by the State or any of its counties, municipal corporations, political subdivisions or taxing districts upon any property acquired by the Authority or under its jurisdiction, control, possession or supervision or leased by it to others or upon its activities in the operation or maintenance of any such property or on any income derived by the Authority in the form of fees, recording fees, rentals, charges, purchase price, installments or otherwise (1968 GA Laws 1780 at 1785(L)). The Authority is subject to the jurisdiction of this Court.

4.

Defendant Company is a Delaware corporation organized and existing, qualified to do business in the State and subject to the jurisdiction of this Court. Subject to this proceeding, the defendant Company intends to develop and operate a group of animal husbandry facilities and other related facilities and other building(s) and improvements totaling approximately 1.75 million square feet as may be appropriate on land located in the Decatur County, Georgia.

STATEMENT OF THE CASE

5.

This action is brought by the plaintiff under and by virtue of O.C.G.A. § 36-82-60 through O.C.G.A. § 36-82-85 ("Revenue Bond Law") for the validation of the Bonds hereinafter referred to. Exclusive jurisdiction of the subject matter of this proceeding is vested in this Court by the Revenue Bond Law. Pursuant to O.C.G.A. § 36-82-75, because the Authority is located in Decatur County, this Court has jurisdiction over both the Authority and the Company, and venue is proper in this Court as to both the Authority and the Company.

6.

Defendant Authority, in furtherance of the public purpose for which it was created, proposes to issue its Taxable Revenue Bond (Project Liberty), Series 2023 ("Bond"), in a principal face amount of $300,000,000, in one or more series as described in the Bond Resolution hereinafter referred to. Each Bond shall be dated as of its date of issuance and bear interest at the rate of 6.0% per annum. Principal of the Bond of each series, if more than one series is issued, shall be issued as a single amortizing bond maturing no later than 30 years from the date of issue, which for all series shall not exceed January 1, 2057. Principal of each Bond shall be payable in full at maturity, and any other date on which principal is scheduled to be paid, as reflected in such Bond. The

3

principal face amount of each Bond shall be the maximum amount available to be drawn thereon

at issuance, but the principal amount outstanding from time to time thereunder shall be the sum of

advances toward the principal amount of each Bond made by the holder of the Bond in accordance

with the Bond Purchase Agreement (as defined herein) made thereunder, less principal paid prior

to the final Bond maturity. Notwithstanding anything to the contrary, the amount due at the final

Bond maturity shall be the remaining principal amount of the Bond advanced and outstanding.

The maximum principal and interest due in any bond year shall not exceed $318,000,000

($300,000,000 par plus 6.0% interest). The Bond shall be subject to redemption prior to maturity

and be payable as described in the Bond Resolution hereinafter referred to. The Bond shall be

issued in registered form, with such rights of exchangeability, registration and transfer and shall

be in the form and executed in the manner provided in said Bond Resolution. In the event of such

an exchange or transfer of the Bond, any bond given in exchange or transfer shall be deemed to be

the Bond as issued and validated, and unless their signature appears by facsimile, the Clerk of the

Superior Court of Decatur County, Georgia will be directed to sign the certificate of validation

endorsed upon such Bond at the written request of the Authority.

7.

The Bond is duly authorized pursuant to the Constitution of the State and the various

statutes of the State, including specifically the Revenue Bond Law and the Act, under and by virtue

of the authority of a resolution of the Authority duly adopted by a majority of the members of the

board of directors of the Authority on December 11, 2023 ("Bond Resolution") at a meeting

properly noticed and held. A certified copy of the Bond Resolution, incorporating copies of the

Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Project Agreement,

the PILOT Agreement, and the Deed to Secure Debt and Security Agreement, which are attached

thereto, each as hereinafter referred to, forms a part of the Notice to the District Attorney ("Notice") attached hereto as **Exhibit A**. The Notice and the Bond Resolution and all exhibits and attachments to each of said documents hereby are incorporated by reference into this Petition and Complaint.

8.

The Bond is to be issued to finance, directly or indirectly, all or a portion of the cost of the acquisition, construction, installation and modification of certain interests in land, buildings, improvements, structures, fixtures, machinery, equipment and/or related items of personal property to be used by the Company in connection with a group of animal husbandry facilities and other related facilities and other building(s) and improvements totaling approximately 1.75 million square feet as may be appropriate on land located in the Decatur County, Georgia, together with building fixtures, systems, machinery and building equipment, as more thoroughly described in the Project Agreement ("Project"). By the Bond Resolution, the Authority has found, determined and declared that the Project described in the Rental Agreement constitutes a "project" as defined in O.C.G.A. §§ 36-62-2(6)(N) and 36-80-25 (and not a "project" as described in O.C.G.A. §§ 36-62-2(6)(I) and 36-62-2(6)(K), or in any other provision of the Act defining the term "project" or authorizing "projects"), and that such use thereof will further the public purpose of the Act in that it will develop and promote, for the public good and the general welfare, trade, commerce, industry and employment opportunities, promote the general welfare of the State and increase employment within the City of Bainbridge, Decatur County, Georgia. The Project is more fully described in the Rental Agreement dated as of January 1, 2024, or such other date to which the parties may agree, between the Authority and the Company ("Rental Agreement").

5

9.

The Project will be undertaken and developed pursuant to (i) a Project Agreement dated on or about December 11, 2023, or such other date to which the parties may agree ("Project Agreement"), by and between the Authority and the Company, and (ii) a PILOT Agreement dated January 1, 2024, or such other date to which the parties may agree ("PILOT Agreement"), by and between the Authority and the Company. As described in the Project Agreement, the Authority has determined to provide approximately 200 acres for the initial construction, improvement and equipping of the Project, which will be owned by the Authority and rented to and utilized by the Company.

10.

The Rental Agreement is intended by the parties thereto to provide the Company a limited right to use and enjoy the Project and to create in the Company a contractual right of possession and use of the Project under the principles governing usufructs and bailments for hire, which interest will not be, under present State law, subject to *ad valorem* taxation. The Company will pay certain payments in lieu of taxes as described in the Project Agreement and the PILOT Agreement ("PILOT Arrangement"). The PILOT Arrangement is an integral part of the consideration for the Authority issuing the Bond and entering into the Rental Agreement and related transactions and is to be validated as part of the Bond issue. Under the terms of the Rental Agreement, the Authority shall have ownership and title to the Project, subject to the Company's contractual right of possession and use of the Project under the principles governing usufructs and bailments for hire, the Company or its assigns will operate and maintain the Project, and the Company will make rent payments to the Authority sufficient to pay the principal of and interest on the Bond as the same become due, and said payments will be irrevocably assigned and pledged,

together with certain interests of the Authority in the Rental Agreement, to the payment of the Bond and the interest thereon under the Bond Resolution. This Project is, therefore, sound, reasonable and feasible.

11.

The Bond Purchase Agreement dated as of January 1, 2024, or such other date to which the parties may agree ("Bond Purchase Agreement"), between the Authority and the Company, as initial bond purchaser, relates to the security for the Bond and is to be validated as part of these proceedings. The Bond Purchase Agreement provides for the initial delivery of the Bond to the Company, and such delivery pursuant thereto shall constitute due issuance of the Bond in accordance with the provisions of the Act, and the method of the funding of advances on the Bond as provided in the Bond Purchase Agreement shall constitute proper application of the proceeds of the bond as contemplated by O.C.G.A. § 36-62-8(b). The Company will further have an option to purchase the Project as provided in the Option Agreement to be entered into between the Company and the Authority, dated as of December 1, 2023, or such other date to which the parties may agree ("Option Agreement"), and such agreement is to be validated as part of these proceedings.

12.

The Deed to Secure Debt and Security Agreement ("Security Deed"), dated as of January 1, 2024, or such other date to which the parties may agree, between the Authority and the Company, as initial bond purchaser, pursuant to which the Authority will grant in favor of the Company a security interest in the Project as additional security for the payment of the Bond, is to be validated as part of these proceedings.

7

13.

The Project Agreement and the PILOT Agreement include undertakings related to the Bond and the Project and each is to be validated as part of these proceedings.

14.

The Rental Agreement, the Bond Purchase Agreement, the Security Deed, the Option Agreement, the Project Agreement, the PILOT Agreement, and the Bond Resolution (collectively, "Bond Documents"), respectively, have been duly authorized and are made a part hereof, and, upon their execution and delivery, shall constitute the legal, valid, and binding grants and obligations of the parties thereto, enforceable according to their terms. Each of the Bond Documents is to be validated as part of these proceedings.

15.

The Bond and interest thereon shall not be deemed to constitute a debt or liability of the State, or any political subdivision thereof, and its issuance shall not, directly, or indirectly or contingently, obligate the Authority, the State or any political subdivision thereof, including without limitation the City of Bainbridge, Decatur County, to levy any form of taxation therefor or make any appropriation for their payment. Nothing in the Bond or in the Bond Resolution or the proceedings of the Authority authorizing the issuance of the Bonds or in the Act shall be construed as creating a debt of the State, or any political subdivision thereof, including without limitation the City of Bainbridge, Decatur County, within the meaning of any constitutional or statutory provision of the State. No member, director or officer, agent, or employee of the Issuer, including any person executing the Bond Resolution or the Bonds, shall be liable personally on the Bonds or subject to any personal liability for any reason relating to the issuance of the Bonds. The Bonds and interest due thereon shall not be a general obligation, debt or a liability of the

8

Authority and does not constitute or give rise to any pecuniary liability or charge against the general credit of the Authority but shall be a limited obligation of the Authority payable solely from and secured by the security, all as described in and subject to limitations set forth in the Bond Resolution. The Authority has no taxing power.

16.

The Authority has taken all necessary and proper steps to authorize the issuance of the Bond. The Authority desires to issue the Bond as aforesaid and desires that the Bond be validated and confirmed according to law. To this end, the Authority has caused the Notice to be served on the District Attorney of the South Georgia Judicial Circuit.

17.

In the Bond Resolution, the Authority further found and determined that (i) the adoption of the Bond Resolution and the subsequent issuance of the Bond to finance (whether directly or indirectly, in whole or in part) the acquisition, construction, installation and modification of the Project does not constitute a "business loan" or confer any other "public benefit" within the meaning of O.C.G.A. § 50-36-1, and (ii) neither the Company nor any other participant in the transaction involving the Bonds or the Project and their respective counsel constitute an "applicant for public benefits" within the meaning of O.C.G.A. § 50-36-1 in connection with the issuance of such Bond; therefore, such persons are not subject to Systematic Alien Verification of Entitlement pursuant to such code section in connection with the issuance of such Bonds, (iii) the Project, being designed by, rented to and used by a private entity for private business purposes, is not a public project and is therefore not subject to the Georgia Local Government Public Works Construction Law (O.C.G.A. § 36-91-1, et seq.), and that the Rental Agreement is not a contract for "physical performance of services" within the meaning

9

of O.C.G.A. §§ 13- 10-90 and 13-10-91, (iv) the economic benefits that will inure to the City

of Bainbridge, Decatur County from the Project and the operation thereof and the payments to be

made under the Rental Agreement and related purchase options will be equal to or greater in

value than the benefits to be derived by the Company under the Rental Agreement, and,

therefore, the acquisition of the land by the State, the execution and performance of the State

Lease, the issuance of the Bonds and the renting of the Project to the Company under the Rental

Agreement and the related purchase options, and the execution and delivery of the Bond

Documents do not violate the prohibition in the Georgia Constitution on the payment by public

bodies of gratuities to private sector persons, and (v) no payments in lieu of taxes payable

pursuant to the Rental Agreement, the Project Agreement or the PILOT Agreement are pledged

to secure payment of any of the Bonds, and the Bonds are therefore not subject to the PILOT

Restriction Act (O.C.G.A. § 36-80-16.1).

18.

The Bond Resolution authorized the Authority to waive the performance audit or review

and periodic report requirements set forth in the O.C.G.A. § 36-82-100, pursuant to which the

Authority shall include a specific waiver of public accountability in the notice to the public, as part

of these validation proceedings.

19.

The District Attorney of this Judicial Circuit, in the name of and on behalf of the State,

waives the requirement contained in O.C.G.A. § 9-I 1-52(a) that separate findings of fact

and conclusions of law be entered in this action, but has no objection to the inclusion therein

of findings of fact and conclusions of law.

20.

The Authority has taken all necessary and proper steps to authorize the issuance of the Bond under the Act and the Revenue Bond Law. The Authority desires to issue the Bond as aforesaid, and desires that the Bond be validated and confirmed according to law. To this end, the Authority has caused the Notice to be served on the District Attorney of the South Georgia Judicial Circuit.

## PRAYER FOR RELIEF

I.

Now, within twenty (20) days from the date of service of the Notice, your District Attorney, pursuant to the laws of the State, files this Petition and Complaint in the name of the State against the above-named Defendants, and prays:

1.     that an order be issued requiring the Defendants to appear and to show cause, if any exists, at such time and place, whether in term or at chambers, within twenty (20) days from the filing of this Petition and Complaint, as the Judge of this Court may direct, why the Bond, and the security therefor, should not be confirmed and validated, as well as to pass upon all questions of law and fact pertaining to the right of the Authority to issue the Bond and the security therefor and the related agreements;

2.     that this Petition and Complaint and such order as shall be issued be served upon the Defendants in the manner provided by law, and that the order so issued be served as process;

II.

Plaintiff further prays that, following the hearing in the action, this Court enter a Final Validation Order declaring that:

11

1.    The Defendants named are proper parties defendant for the validation of the Bond, that exclusive jurisdiction of the subject matter of this proceeding is vested in this Court by the Revenue Bond Law, and that venue is proper in this Court;

2.    The defendant Authority has properly authorized the Rental Agreement, and that under the Rental Agreement payments of Basic Rent, which Basic Rent will be sufficient to pay the principal of and interest on the Bond as the same become due, will be made by the Company and will be validly pledged as security for the payment of the principal of and interest on the Bond, and that the Rental Agreement, upon its execution and delivery, will constitute the legal, valid, binding and enforceable obligation of the defendant Authority in accordance with its terms;

3.    the defendant Authority has properly authorized and adopted the Bond Resolution, that under the Bond Resolution the right, title and interest of the Authority in the Rental Agreement (with certain exceptions and reserved rights), the payments of Basic Rent to be made by the Company thereunder, and all other Security pledged under the Bond Resolution, have been validly assigned and pledged to secure the payment of the principal of and the interest on the Bonds as specified in the Bond Resolution, and that the Bond Resolution constitutes the legal, valid, binding and enforceable grant and obligation of the Authority in accordance with its terms; and

4.    the defendant Authority has taken all proper and necessary steps to issue the Bonds and to use the proceeds for the purpose stated, that the Bonds upon issuance by the Authority will constitute the legal, valid and binding obligations of the Authority and shall be enforceable against the Authority in accordance with their respective terms, and that all the acts and doings of the defendant Authority set forth in the pleadings are ratified and confirmed;

5.     the defendant Authority has the right, power and authority to execute, deliver and perform its obligations under the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Security Deed, the Project Agreement and the PILOT Agreement, and that upon execution and delivery by the Authority of the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Security Deed, the Project Agreement and the PILOT Agreement, each of such agreements constitute or will constitute the legal, valid, binding and enforceable obligation of the Authority, in accordance with its terms;

6.     the Company has the right, power and authority to execute, deliver and perform its obligations under the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Security Deed, the Project Agreement and the PILOT Agreement, and that upon execution and delivery by the Company of the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Security Deed, the Project Agreement and the PILOT Agreement, each of such agreements constitute or will constitute the legal, valid, binding and enforceable obligation of the Company, in accordance with its terms;

7.     the Bond Resolution, the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Security Deed, the Project Agreement, and the PILOT Agreement, and all of their terms, covenants and conditions are in each and every respect confirmed and validated;

8.     the Bond and interest thereon shall not be deemed to constitute a debt or liability of the State, or any political subdivision thereof, and its issuance shall not, directly, or indirectly or contingently, obligate the Authority, the State or any political subdivision thereof, including without limitation the City of Bainbridge, Decatur County, to levy any form of taxation therefor or make any appropriation for their payment. Nothing in the Bond or in the Bond Resolution or the proceedings of the Authority authorizing the issuance of the Bonds or in the Act

13

shall be construed as creating a debt of the State, or any political subdivision thereof, including without limitation the City of Bainbridge, Decatur County, within the meaning of any constitutional or statutory provision of the State. No member, director or officer, agent, or employee of the Issuer, including any person executing the Bond Resolution or the Bonds, shall be liable personally on the Bonds or subject to any personal liability for any reason relating to the issuance of the Bonds. The Bonds and interest due thereon shall not be a general obligation, debt or a liability of the Authority and does not constitute or give rise to any pecuniary liability or charge against the general credit of the Authority but shall be a limited obligation of the Authority payable solely from and secured by the security, all as described in and subject to limitations set forth in the Bond Resolution. The Authority has no taxing power.

9.    the Rental Agreement will create in the Company a usufruct in the real property comprising part of the Project and a bailment for hire as to the personal property comprising part of the Project, which interests are not subject to ad valorem property taxes;

10.    the Project described in the Rental Agreement constitutes a "project" as defined in O.C.G.A. §§ 36-62-2(6)(N) and 36-80-25 (and not a "project" as described in O.C.G.A. §§ 36-62-2(6)(I) and 36-62-2(6)(K), or in any other provision of the Act defining the term "project" or authorizing "projects"), and that such use thereof will further the public purpose of the Act in that it will develop and promote, for the public good and the general welfare, trade, commerce, industry and employment opportunities, promote the general welfare of the State and increase employment within the City of Bainbridge, Decatur County, Georgia; that the Project will facilitate a property tax incentive for the Company; and that therefore, the Project is a proper project to be undertaken and financed (whether directly or indirectly, in whole or in part) with the Bonds under the provisions of the Act;

14

11.    the adoption of the Bond Resolution and the subsequent issuance of the Bond to finance (whether directly or indirectly, in whole or in part) the acquisition, construction, installation and modification of the Project does not constitute a "business loan" or confer any other "public benefit" within the meaning of O.C.G.A. § 50-36-1, and that neither the Company nor any other participant in the transaction involving the Bonds or the Project and their respective counsel constitute an "applicant for public benefits" within the meaning of O.C.G.A. § 50-36-1 in connection with the issuance of such Bonds; and that therefore, such persons are not subject to Systematic Alien Verification of Entitlement pursuant to such code section in connection with the issuance of such Bonds;

12.    under the Act, the interest of the Authority in the Project is exempt from *ad valorem* property taxes, and that under current law, none of the Rental Agreement, the Project Agreement or the Option Agreement creates a tangible property interest of the Company in the Project or otherwise which is subject to ad valorem property taxation pursuant to O.C.G.A. § 48-5-3;

13.    the Project is not a public project and is therefore not subject to the Georgia Local Government Public Works Construction Law (O.C.G.A. § 36-91-1, et seq.), and that the Rental Agreement is not a contract for "physical performance of services" within the meaning of O.C.G.A. §§ 13-10-90 and 13-10-91;

14.    the issuance of the Bond, the use of the proceeds thereof (whether derived directly or indirectly from the issuance of the Bond), directly or indirectly, to acquire, construct (whether directly or indirectly, in whole or in part) and equip the Project, the renting of the Project to the Company under the Rental Agreement, the granting to the Company of certain benefits and options under the Project Agreement, the PILOT Agreement and Option Agreement, and the

execution, delivery and performance of the Security Deed, Rental Agreement, the Project Agreement and the PILOT Agreement do not violate the prohibition in the Georgia Constitution on the payment by public bodies of gratuities to private persons;

        15.    no payments in lieu of taxes payable pursuant to the Rental Agreement, the Project Agreement, or PILOT Agreement are pledged to secure payment of any of the Bonds, and the Bonds are therefore not subject to the PILOT Restriction Act (O.C.G.A. § 36-80-16.1);

        16.    the notice of validation is sufficient for all purposes, as required by O.C.G.A.§ 36-82-76, and is sufficient to exempt the Authority from compliance with the performance audit or review and periodic reports with respect to the expenditure of Bond proceeds as set forth in the O.C.G.A. § 36-82-100; and

        17.    the undertaking for which the Bond is issued, the issuance of the Bond and the security therefor are sound, feasible and reasonable.

Plaintiff further prays that this Court make such other adjudications with respect to the Bond and security therefore in the Bond Validation Order as may be proper or necessary in connection with the matters before it.

[Execution on Following Page]

IN THE SUPERIOR COURT OF DECATUR COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA, | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DECATUR COUNTY-BAINBRIDGE | ) | |
| INDUSTRIAL DEVELOPMENT AUTHORITY | ) | BOND VALIDATION |
| | ) | |
| and | ) | |
| | ) | |
| SAFER HUMAN MEDICINE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Signature Page to PETITION AND COMPLAINT

This 11ᵗʰ day of ~~November~~ December, 2023.

JOSEPH K. MULHOLLAND,
DISTRICT ATTORNEY,
SOUTH GEORGIA JUDICIAL CIRCUIT
State Bar Number: 527912

17