# EXHIBIT M

## IN THE SUPERIOR COURT OF DECATUR COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA, | ) | CIVIL ACTION FILE |
| | ) | NO. 23CV00260 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DECATUR COUNTY-BAINBRIDGE | ) | |
| INDUSTRIAL DEVELOPMENT AUTHORITY | ) | BOND VALIDATION |
| | ) | |
| and | ) | |
| | ) | |
| SAFER HUMAN MEDICINE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

FILED IN OFFICE
2024 Jan 02 11:48 AM
CECILIA WILLIS
CLERK OF SUPERIOR COURT
DECATUR COUNTY, GEORGIA
2024-416

## **BOND VALIDATION ORDER**

This matter is before the Court on the State of Georgia's Petition and Complaint ("Petition") against the Decatur County-Bainbridge Industrial Development Authority ("Authority") and Safer Human Medicine, Inc. ("Company"). The Petition seeks the validation of the Authority's Taxable Revenue Bond (Project Liberty) ("Bond") in a principal face amount not to exceed $300,000,000, in one or more series, for the purpose of financing, directly or indirectly, all or a portion of the cost of the acquisition, construction, installation and modification of certain interests in land, buildings, improvements, structures, fixtures, machinery, equipment and/or related items of personal property to be used by the Company in connection with a group of animal husbandry facilities and other related facilities and other building(s) and improvements totaling approximately 1.75 million square feet as may be appropriate on land located in Decatur County, Georgia, together with building fixtures, systems, machinery and building equipment, as more thoroughly described in the Project Agreement ("Project"). Upon reviewing the pleadings,



evidence and argument of counsel presented at the January 2, 2024, hearing, the parties' briefs, appropriate case authority, and all other matters of record, the Court hereby finds as follows:

**IT IS DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the Defendants named are proper parties defendant for the validation of the Bond, that exclusive jurisdiction of the subject matter of this proceeding is vested in this Court by the Revenue Bond Law, and that venue is proper in this Court;

**IT IS DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the defendant Authority has properly authorized the Rental Agreement, and that under the terms of the Rental Agreement, the Authority shall have ownership and title to the Project, subject to the Company's contractual right of possession and use of the Project under the principles governing usufructs and bailments for hire, the Company or its assigns will operate and maintain the Project, and the Company will make rent payments to the Authority sufficient to pay the principal of and interest on the Bond, and that the Rental Agreement, upon its execution and delivery, will constitute the legal, valid, binding and enforceable obligation of the defendant Authority in accordance with its terms;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the defendant Authority has properly authorized and adopted the Bond Resolution, that under the Bond Resolution the right, title and interest of the Authority in the Rental Agreement (with certain exceptions and reserved rights), the payments of Basic Rent to be made by the Company thereunder, and all other security pledged under the Bond Resolution, have been validly assigned and pledged to secure the payment of the principal of and the interest on the Bonds as specified in the Bond Resolution, and that the Bond Resolution constitutes the legal, valid, binding and enforceable grant and obligation of the Authority in accordance with its terms;



3

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the defendant Authority has taken all proper and necessary steps to issue the Bonds and to use the proceeds for the purpose stated, that the Bonds upon issuance by the Authority will constitute the legal, valid and binding obligations of the Authority and shall be enforceable against the Authority in accordance with their respective terms, and that all the acts and doings of the defendant Authority set forth in the pleadings are ratified and confirmed;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the defendant Authority has the right, power and authority to execute, deliver and perform its obligations under the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Security Deed, the Project Agreement and the PILOT Agreement, and that upon execution and delivery by the Authority of the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Security Deed, the Project Agreement and the PILOT Agreement, each of such agreements constitute or will constitute the legal, valid, binding and enforceable obligation of the Authority, in accordance with its terms;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the Company has the right, power and authority to execute, deliver and perform its obligations under the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Security Deed, the Project Agreement and the PILOT Agreement, and that upon execution and delivery by the Company of the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Security Deed, the Project Agreement and the PILOT Agreement, each of such agreements constitute or will constitute the legal, valid, binding and enforceable obligation of the Company, in accordance with its terms;



**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the Bond Resolution, the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Security Deed, the Project Agreement, and the PILOT Agreement, and all of their terms, covenants and conditions are in each and every respect confirmed and validated;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the Bond in no way constitute a debt of the State of Georgia or any political subdivision thereof, including the City and the County, but are payable solely from the sources referred to in the pleadings in this cause; neither the State of Georgia, nor any such political subdivision shall be subject to any pecuniary liability thereof, nor shall the Bond constitute a charge, lien or encumbrance upon any property of the defendant Authority, the State of Georgia or any such political subdivision other than the security pledged for such purposes as described in the pleadings of this cause, and no holder or owner of the Bonds shall ever have the right to compel the exercise of the taxing power of the City, the County or the State of Georgia to pay the principal of or interest on the Bonds. The Authority has no taxing power;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the Rental Agreement will create in the Company a usufruct in the real property comprising part of the Project and a bailment for hire as to the personal property comprising part of the Project, which interests are not subject to ad valorem property taxes;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the Project described in the Rental Agreement constitutes a "project" as defined in O.C.G.A. §§ 36-62-2(6)(N) and 36-80-25 (and not a "project" as described in O.C.G.A. §§ 36-62-2(6)(I) and 36-62-2(6)(K), or in any other provision of the Act defining the term "project" or authorizing "projects"); will develop and promote trade, commerce, industry and employment opportunities



5

for the public good and the general welfare within the territory of the Authority; will promote the general welfare of the State of Georgia and its residents; that the Project and the use thereof will each further the public purposes of the Act for which the Authority was created and will promote economic development and job creation and will facilitate a property tax incentive for the Company; and that therefore, the Project is a proper project to be undertaken and financed (whether directly or indirectly, in whole or in part) with the Bonds under the provisions of the Act;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the adoption of the Bond Resolution and the subsequent issuance of the Bond to finance (whether directly or indirectly, in whole or in part) the acquisition, construction, installation and modification of the Project does not constitute a "business loan" or confer any other "public benefit" within the meaning of O.C.G.A. § 50-36-1, and that neither the Company nor any other participant in the transaction involving the Bond or the Project and their respective counsel constitute an "applicant for public benefits" within the meaning of O.C.G.A. § 50-36-1 in connection with the issuance of such Bonds; and that therefore, such persons are not subject to Systematic Alien Verification of Entitlement pursuant to such code section in connection with the issuance of such Bonds;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that under the Act, the interest of the Authority in the Project is exempt from ad valorem property taxes, and that under current law, none of the Rental Agreement, the Project Agreement or the Option Agreement creates a tangible property interest of the Company in the Project or otherwise which is subject to ad valorem property taxation pursuant to O.C.G.A. § 48-5-3;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the Project is not a public project and is therefore not subject to the Georgia Local Government



Public Works Construction Law (O.C.G.A. § 36-91-1, et seq.), and that the Rental Agreement is not a contract for the "physical performance of services" within the meaning of O.C.G.A. §§ 13-10-90 and 13-10-91;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the issuance of the Bond, the use of the proceeds thereof (whether derived directly or indirectly from the issuance of the Bond), directly or indirectly, to acquire, construct (whether directly or indirectly, in whole or in part) install and modify the Project, the renting of the Project to the Company under the Rental Agreement, the granting to the Company of certain benefits and options under the Project Agreement, the PILOT Agreement and Option Agreement, and the execution, delivery and performance of the Security Deed, Rental Agreement, the Project Agreement and the PILOT Agreement do not violate the prohibition in the Georgia Constitution on the payment by public bodies of gratuities to private persons;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that no payments in lieu of taxes payable pursuant to the Rental Agreement, the Project Agreement or PILOT Agreement are pledged to secure payment of any of the Bonds, and the Bonds are therefore not subject to the PILOT Restriction Act (O.C.G.A. § 36-80-16.1);

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the notice of validation is sufficient for all purposes, as required by O.C.G.A.§ 36-82-76, and is sufficient to exempt the Authority from compliance with the performance audit or review and periodic reports with respect to the expenditure of Bond proceeds as set forth in the O.C.G.A. § 36-82-100;

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED** that the Freeport Exemption described in the Project Agreement, which incorporates O.C.G.A § 48-5-



7

48.2, is consistent with the applicable requirements for qualification under the Freeport Exemption, and the inventory of the Company in the Project—including but not limited, to non-human primates that are housed in the Company's facilities, where they are fed, conditioned, provided enrichment, and otherwise cared for over an extended period until they attain a size and weight where they are suitable for sale to researchers—constitutes "tangible personal property" and "inventory of goods in the process of manufacture or production" as described in O.C.G.A. § 48-5-48.2(c)(1), and all such inventory of the Company in the Project, as so classified by the Company, shall at all times be subject to the Freeport Exemption from taxation as described in the Project Agreement and O.C.G.A. § 48-5-48.2, and other generally applicable law; and

**IT IS FURTHER DETERMINED, DECLARED, ORDERED AND ADJUDGED**, as a matter of law, that the Bond and the security therefor be, and the same are hereby in each and every respect, confirmed and validated, and the Defendant Authority is authorized and empowered to issue the Bond, and when the Bond is so issued the same shall be the legal, valid and binding obligations of the Defendant Authority, enforceable in accordance with the terms of the Bond and the terms and provisions of the Bond Resolution, the Rental Agreement, the Bond Purchase Agreement, the Option Agreement, the Project Agreement and the Security Deed, which terms and provisions of the Rental Agreement, the Bond Purchase Agreement, the Security Deed, the Option Agreement, the Project Agreement and the Bond Resolution are hereby in each and every respect confirmed and validated.

[Execution on Following Page]



# IN THE SUPERIOR COURT OF DECATUR COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA, ) | CIVIL ACTION FILE |
| ) | NO. 23CV00260 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DECATUR COUNTY-BAINBRIDGE ) | |
| INDUSTRIAL DEVELOPMENT AUTHORITY ) | BOND VALIDATION |
| ) | |
| and ) | |
| ) | |
| SAFER HUMAN MEDICINE, INC., ) | |
| ) | |
| Defendant. ) | |

## Signature page to BOND VALIDATION ORDER

This, the 2nd day of January, 2024.

_____
JUDGE, SUPERIOR COURT OF
DECATUR COUNTY

Prepared By:

Michael E. Kozlarek, Esq.
King Kozlarek Law LLC
223 North Donalson, Suite 36
Bainbridge, Georgia 39817
Telephone:    229.726.0127
State Bar No.: 141591

9