# EXHIBIT N

≡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DECATUR COUNTY, GEORGIA
**23CV00260**
LAWTON C. HEARD, JR.
JAN 30, 2024 04:06 PM

Cecilia Willis, Clerk
Decatur County, Georgia

IN THE SUPERIOR COURT OF DECATUR COUNTY
STATE OF GEORGIA

STATE OF GEORGIA,

    Plaintiff,

v.

DECATUR COUNTY-BAINBRIDGE
INDUSTRIAL DEVELOPMENT AUTHORITY
and SAFER HUMAN MEDICINE, INC.,

    Defendants.

Civil Action File No.
23CV00260

## MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO SET ASIDE THE VALIDATION ORDER

The State of Georgia (the "State"), through Honorable Joseph Mulholland, District Attorney for the South Georgia Judicial Circuit for the State of Georgia (the "State"), files this Motion for Reconsideration or in the Alternative to Set Aside the Validation Order, showing the Court has follows:

I.

On or about December 11, 2023, Mr. Mulholland was presented with signature pages and a Petition and Complaint (the "Petition") for a bond validation so that the Decatur County-Bainbridge Industrial Authority (the "Authority") could issue its revenue bonds to a company called Safer Human Medicine, Inc..[1] Mr. Mulholland, consistent with his duties under Georgia's Revenue Bond Law, O.C.G.A. §§ 36-82-60 through 36-82-85, executed the Petition and other documents on behalf of the State.[2]

---

[1] Affidavit, Mulholland Exhibit 6.
[2] O.C.G.A. § 36-82-75: the district attorney or the Attorney General shall prepare and file, in the office of the clerk of the superior court of the county issuing the bonds or of the county in which the governmental body is located, a

The Decatur County-Bainbridge Development Authority presented a bond validation to the District Attorney of the South Georgia Circuit, as per the bond validation requirements under O.C.G.A. 36-82-60 through 36-82-85 ("Revenue Bond Law"), through their attorney Tom Conger, Esq ("Attorney").[3] Attorney for the Decatur County-Bainbridge Development Authority did not provide the actual exhibits outlining the purpose of the project (housing thirty-thousand 30,000 monkeys) nor the scope of the City of Bainbridge's responsibilities. When asked about the general nature of the project, Attorney for Decatur-Bainbridge Development Authority stated that "this was for an animal husbandry project at the industrial park and needed to be signed quickly…". At no time, did counsel for the bond validations indicate the true nature of the bonds to be validated. All that was described to the District Attorney was the urgency of the signing. The District Attorney was assured that all procedures and protocols had been followed as required by law.

II.

On the morning of December 11th, 2023, the District Attorney signed the bond validation. At 11 a.m., December 11th, 2024, the Decatur County-Bainbridge Development Authority held a meeting with the Decatur County Commission, the City of Bainbridge, Decatur County Tax Commissioner, and Decatur County Tax Assessors approved the bond validation. This was after

---

petition directed to the superior court of such county in the name of the state and against the governmental body desiring to issue the revenue bonds.

[3] O.C.G.A. 36-82-74: When any county, municipality, or political subdivision desiring to incur any bonded debt, as prescribed in Article IX, Section V, Paragraphs I and II of the Constitution of Georgia, holds an election or passes a resolution in accordance with the provisions of the Constitution and laws of this state controlling and regulating such elections or the passage of such resolutions and the returns of such election or resolution show prima facie that the election or resolution is in favor of the issuance of the bonds, the officer or officers of the county, municipality, or political subdivision charged by law with the duty of declaring the result of the election or resolution, within six months after so declaring the result of the election or of the passage of the resolution, shall notify the district attorney of the judicial circuit in which the county, municipality, or political subdivision is located, in writing, of the fact that an election was held or that a resolution was passed and that the election or resolution was in favor of the issuance of the bonds. The service of the notice shall be personal upon the district attorney; in the event that he is absent from the circuit, the notice shall be served in person upon the Attorney General.

the District Attorney had unknowingly and without knowledge of the full terms and conditions of the bond validation signed the bond validation as meeting the statutory requirements provided by law. The document could not be approved by the District Attorney before a meeting was held on the issue. Without any input from the community or citizens of the city of Bainbridge, the Decatur County-Bainbridge Development Authority and City of Bainbridge Officials voted illegally to approve the bold validation.

III.

The Validation Order was issued by the Court on January 2, 2024. As such, the Court could not have been aware of the irregularities at the time this Honorable Court was presented the bond validation. As such, this Court couldn't have knowledge that the bond validation had been executed illegally and without legal effect.

IV.

Presently, there are questions as to whether the statements presented to Mr. Mulholland in the Petition are accurate, and at the very least some of them have been disputed and raise a number of questions of fact.

After the Validation Order was issued, Mr. Mulholland became aware of numerous irregularities in not only the bond validation process, but also with respect to the Authority's obligations under Georgia's Open Meetings Act, O.C.G.A. § 50-14-1 et seq. For example, it does not appear that the Bond Resolution, upon with the Petitions relies, was properly voted on and approved by the Authority. In the minutes attached, it appears that the City of Bainbridge, Decatur County Board of Education, Board of Tax Assessors voted to approve the Project Liberty Project Agreement.[4] The Decatur County-Development Authority voted "unanimously to approve the

---

[4] See Exhibit 3, Agenda and Minutes, Dec. 11th, 2024.

bond resolution".[5] In the Petition and Complaint attached, Paragraph thirteen (13) specifically states "The Project Agreement and the PILOT Agreement include undertakings related to the Bond and the Project and **each** is to be validated as part of the proceedings."[6] The PILOT program was never voted on by any of the parties, and at no time was each of the Agreements voted on separately. As such, neither the PILOT Agreement nor the Bond Agreement were **each** validated as required by the Petition and Complaint.

V.

In addition to the aforementioned violations, there are questions of fact as to the legality of the holding of the Joint Meeting. It appears that the Joint Meeting was held at Bainbridge College, Charles H. Kirbo Regional Center; not any of the aforementioned governmental entities offices.[7] While those in attendance voted on the Project Agreement, they did not in fact vote separately on the Pilot Program. As required, the Decatur County-Bainbridge Development Authority did not publish the meeting on their website. The City of Bainbridge did not publish the agenda for the meeting on their website prior to taking place. It appears the parties attempted to satisfy the Open Meetings Act by claiming that the issue should be decided at a "special meeting" to circumvent the requirements of a regularly scheduled meeting. The State believes the Petition filed on its behalf was defective, and therefore the Validation Order was entered in error and void on its face.

VI.

Accordingly, the State requests that the court reconsider the Validation Order. The State contends there is good cause for granting the Motion, and for extending the deadline for

---

[5] Agenda and Minutes, supra.
[6] Petition and Complaint, Exhibit 1.
[7] Agenda and Minutes, pg. 1, Exhibit 3.

4

considering such motion for good cause show. This Motion for Reconsideration is being proffered in the same term of Court as the Petition and Order were filed. Furthermore, "[w]hether to grant a motion for reconsideration after ruling on an issue lies within the sound discretion of the trial court." *Cochran v. Emory University*, 251 Ga. App. 737, 739 (2), 555 S.E.2d 96 (2001). "Whether to permit a party to raise a new argument on motion for reconsideration filed after judgment is entered lies within the discretion of the trial court." *Neely v. City of Riverdale*, 298 Ga. App. 884, 888 (3), 681 S.E.2d 677 (2009). Under Rule 31.1 of the Superior Court, the time of filing of motions shall be shortened or lengthened as the discretion of the Trial Court.[8]

The State further requests that the Court expedite its review based on O.C.G.A. §§ 36-82-77 and 36-82-78, which create certain timing concerns. For those reasons set forth herein and in Mr. Mulholland's Affidavit asks that this matter be expedited.

In the Alternative, since the State deems the Petition that was filed on its behalf to be defective, and the Validation Order to have been entered in error, the State moves the Court to immediately set aside the Validation Order. More specifically, pursuant to O.C.G.A. § 9-11-60(d)(3), a motion may be brought to set aside a judgment based upon "a nonamendable defect which appears on the face of the record or pleading." Here, the State acknowledges that such non-amendable defects are present, and thus the requested relief is appropriate. Further still, it is appropriate to set aside the Validation Order because there were procedural mistakes were made by the Authority, unrelated to any error of the State. *See* O.C.G.A. § 9-11-60(d)(3) (a judgment and order may be set aside for "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant.") Finally, the Court may vacate the Validation Order under O.C.G.A. § 9-11-60(b) as it is the court of rendition, and this request is made during

---

[8] Uniform Superior Court Rules 31.1.

5

the same term during which the Validation Order was issued.

## CONCLUSION

For the above reasons, the State requests that the Court grant its Motion for Reconsideration or in the Alternative to Set Aside the Validation Order. The State respectfully requests expedited review.

Respectfully submitted, this 30th day of January 2024.

Joseph K. Mulholland
District Attorney
South Georgia Judicial Circuit
State Bar Number 527912