**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| SAFER HUMAN MEDICINE INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:24-CV-27 (LAG) |
| : | |
| DECATUR-COUNTY-BAINBRIDGE : | |
| INDUSTRIAL DEVELOPMENT : | |
| AUTHORITY, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

Before the Court are two Motion's to Intervene, one by the State of Georgia (the State) (Doc. 23) and the other by June Faircloth, Chad Dollar, Lisa Dasilva, and Kristina Martin, residents of the City of Bainbridge (the Residents) (Doc. 12). In the State's Motion, the State seeks to intervene in this matter "so it may defend its own interests in this litigation, as well as the interest of Decatur County and its citizens." (Doc. 23 at 1). The Residents seek to intervene "so that they may defend their interests as citizens and taxpayers." (Doc. 12 at 1). For the reasons stated below, the State's Motion to Intervene is **GRANTED** and the Resident's Motion to Intervene is **DENIED**.

## **BACKGROUND**

On February 13, 2024, Plaintiff, Safer Human Medicine, filed an action before the Court raising breach of contract claims against Defendant, Decatur-County-Bainbridge Industrial Development Authority (the Authority), regarding a primate breeding facility that Plaintiff sought to develop in agreement with Defendant. (Doc. 1 at 1–14). The Complaint alleges four counts: breach of project agreement (Count I), breach of pilot agreement (Count II), breach of covenant of good faith and fair dealing (Count III), and expenses of litigation (Count IV). (Doc. 1 at 1-14). Specifically, Plaintiff seeks permanent injunction requiring performance under the Project Agreement and the Pilot Agreement

(collectively, the Agreements) or, in the alternative, compensatory damages as a result of the breach. (Doc. 1 at 14). Together, the Agreements provide for the funding and development of a primate breeding facility in Decatur County that would house up to 30,000 primates. (Doc. 23-1 at 1).

After Plaintiff identified Decatur County, Georgia as the location for its primate breeding facility, it entered into negotiations with the Authority regarding tax bonds. (Doc. 1 at 2–3). The Authority ultimately voted to adopt a Bond Resolution on December 11, 2023, for the maximum aggregate principal amount of $300,000,000.00. (Doc. 1 at 3). Under Georgia law, the Authority was required to obtain confirmation and validation of the proposed bond issuance. (Doc. 1 at 6; O.C.G.A. § 36-82-74). On December 14, 2023, the District Attorney for the South Georgia Judicial Circuit filed a petition and complaint in the Superior Court of Decatur County naming the Authority and Plaintiff as defendants seeking issuance of an order confirming and validating the Bond Resolution. (Doc. 1 at 6). A hearing was held on the petition on January 2, 2024, and no member of the public moved to intervene or object. (Doc. 1 at 7). At conclusion of the hearing, the Superior Court issued the Bond Validation Order. (Doc. 1 at 7).

On January 22, 2024, counsel for Decatur County emailed Plaintiff (among others) stating that the meeting at which the Agreements were approved by the Board of Commissioners was neither "properly noticed nor posted as a meeting" and thus the Agreements were, therefore, invalid. (Doc. 1 at 8). Subsequently, on January 30, 2024, the District Attorney for the South Georgia Judicial Circuit filed a Motion for Reconsideration or in the Alternative to Set Aside the Validation Order in the Superior Court of Decatur County contending that the Authority and City of Bainbridge Officials "voted illegally to approve the bond validation" "[w]ithout any input from the community or citizens." (Docs. 1 at 8; 1-16 at 4). The District Attorney also filed a Notice of Appeal appealing the Bond Validation Order in the Georgia Court of Appeals. (Docs. 1 at 8; 1-17 at 2).

On February 26, 2024, the Court granted Plaintiff's Motion for Preliminary Injunction (Doc. 2) tolling all deadlines related to the project. (Doc. 10). The Court also granted the Parties' Consent Motion to Stay pending resolution of Appeal in the Georgia

2

Court of Appeals. (Doc. 10). The Georgia Court of Appeals dismissed the appeal in its entirety on October 31, 2024. (*See* Doc. 22 at 2). The Georgia Court of Appeals concluded, without reaching the merits, that "[b]ecause the State petitioned the trial court for the bond validation, it cannot bring an appeal from the trial court's order granting that petition" since "[i]t is axiomatic that at the appellate level one cannot complain of a judgment, order, or ruling that [their] own procedure or conduct procured or aided in causing." *State v. Decatur County-Bainbridge Industrial Development Authority*, 908 S.E.2d 702, 703 (Ga. Ct. App. 2024). Subsequently, the State of Georgia filed a Petition for Certiorari with the Georgia Supreme Court on November 20, 2024. (*Id.*). On April 8, 2025, the Georgia Supreme Court denied the Petition for Certiorari. (*See* Doc. 29 at 2).

On April 25, 2024, the Residents filed a Motion to Intervene (Doc. 12) to which Defendant responded without objection on April 29, 2024, (Doc. 13) and Plaintiff responded opposing the motion on May 15, 2024 (Doc. 15). On December 31, 2024, the State of Georgia filed a Motion to Intervene (Doc. 23) to which Plaintiff filed a response opposing the Motion on January 21, 2025, (Doc. 24). The State of Georgia replied on February 5, 2025, (Doc. 26) thus, the State's Motion to Intervene is ripe for review. M.D. Ga. L.R. 7.3.1(A). The Court held a hearing on the motion on September 10, 2025. (*See* Docket).

## LEGAL STANDARD

A non-party may intervene in an action pending in the district court by two ways: intervention as of right and permissive intervention. Pursuant to Federal Rules of Civil Procedure 24(a), intervention of right is available to a non-party who

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movants ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). A party seeking to intervene as of right must demonstrate four requirements: (1) timeliness; (2) an interest relating to the property or transaction that is

3

the subject of the action; (3) resolution of the action could impede or impair their ability to protect their interest; and (4) their interest is not adequately represented by existing parties. *Burke v. Ocwen Financial Corporation*, 833 Fed. App'x 288, 290-91 (11th Cir. 2020) (quoting *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695-96 (11th Cir. 2017)).

Pursuant to Federal Rules of Civil Procedure 24(b), permissive intervention is available to a non-party who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Additionally,

> the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

Fed. R. Civ. P. 24(b)(2). The Eleventh Circuit "has previously explained that '[i]f there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention.'" *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir 1996) (quoting *Worlds v. Dep't of Health and Rehab. Serv., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991)).

## DISCUSSION

### I. State of Georgia Motion to Intervene

The State of Georgia seeks to intervene in this action both as of right and permissively. (Doc. 23 at 4). Specifically, the State contends that it must be permitted to intervene as of right because it claims an interest relating to the underlying property that would be impaired or impeded by disposition of the action and no existing party can adequately represent that interest. (Doc. 23-1 at 4). In the alternative, the State argues that it should be allowed to permissively intervene because (1) it's defenses against Plaintiff's claims share a common question of law and fact with this action or (2) the claims are based

on a bond validation order "which was improperly validated under the laws of the State." (*Id.*).

The State is not entitled to Intervention by Right as it cannot establish the third element—impairment. The Eleventh Circuit has held that a non-party's ability to separately litigate defeats the element of impairment. *Burke*, 833 Fed. App'x at 292. Here, the State has, or had, the ability to separately litigate the issue and has done so at both the state trial level and court of appeals. *See State of Georgia v. Decatur County-Bainbridge Industrial Development Authority et al*, 908 S.E.2d 702 (Ga. Ct. App. 2024). Given that the State's case was decided on a procedural rather than substantive basis, the question of whether the Court should exercise its discretion and allow permissive intervention carries greater weight.

A case from the State would share common questions of law and fact with the claims and defenses of this action. (Doc. 23-1 at 9). Specifically, the underlying agreements "are not binding or enforceable because they fail to comply with Georgia law." (*Id.*). As noted above, permissive intervention is allowed where the non-party's claim or defense shares a common question of law or fact with the main action and whether intervention would cause undue delay or prejudice to existing parties. *United States v. Houston County*, No. 5:25-cv-25 (MTT), 2025 WL 694458, at *2 (M.D. Ga. March 4, 2025). The Bond Validation Proceeding and subsequent order requested by the State form the basis of the agreement between the parties. Thus, it follows that any claims the State may have for or against the Bond Validation would in turn share common questions of law and fact with the present parties claims and defenses of this action. Moreover, Rule 24(b)(2) allows for an additional avenue of permissive intervention by a state governmental officer or agency so long as "a party's claim or defense is based on any regulation, order, requirement, or agreement issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2). Here, the Bond Validation Order underlies the entire action and was made pursuant to a State staute.

The State's motion is timely and presents claims or defenses that have common questions of law or fact with the main action. *See Cox Cable Commc'n, Inc. v. U.S.*, 992 F.2d 1178, 1180 n.2 (11th Cir. 1993) (requiring that permissive intervention must be timely

5

and have a common question of law or fact). Furthermore, because the litigation remains in the early stages, no party suffers any prejudice by the intervention of the State. Thus, while Plaintiff is correct that permissive intervention is discretionary and may be denied even if a non-party satisfies the elements, the Court errs on the side of caution to avoid duplicitous litigation and resolve the matter with all interests represented.

## II.     The Residents Motion to Intervene

The Residents of the City of Bainbridge and Decatur County, where the primate facility is to be located, also seek to intervene in this action both as of right and permissively. (Doc. 12-1 at 4). The Residents largely argue that they should be permitted to intervene because there are "a number of other entities who were not named as parties, but who clearly should have been" and the existing parties violated the Georgia Open Meetings Act pursuant to O.C.G.A. § 50-14-1. (Doc. 12-1 at 2). Defendant has no objection to the intervention of the Residents. (Doc. 13). Plaintiff opposes the motion on the grounds that this is action involves a contract dispute to which the Residents are not a party. (Doc. 15 at 1). For the reasons stated below, the Residents Motion is denied.

As with the State, the Residents are not entitled to intervention as of right. The Residents cannot establish the fourth element—that their interest will not be adequately represented. The Residents assert six protectible interests they have in the pending action. Each of these interests is adequately represented by the State. *See Chiles*, 865 F.2d at 1215. All of the Residents' asserted interests are generalized duties that the State is charged with protecting. In fact, many of the Resident's listed interests are duplicative of the State's listed interest. For example, the State and the Residents both list expenditure of tax, proper administration of community funds and assets, keeping the community safe from transmittable diseases and pollution, and preventing property damage as interests they have in the litigation. (Doc. 12-1 at 6; 23-1 at 7). Thus, "it is clear that [the State of Georgia] will provide adequate representation" of the moving the Residents and the residents of the State of Georgia generally. *Chiles*, 865 F.2d at 1215 (quoting 7C C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1909, at 319 (2d ed. 1986)). "The duplicative

nature of the claims and interests they asserted threatens to unduly delay the adjudication of the rights of the parties in the lawsuit and makes it unlikely that any new light will be shed on the issues to be adjudicated." *Chiles*, 865 F.2d at 1215. Thus, the Court declines to exercise its discretion to allow permissive intervention by the Residents.

## CONCLUSION

Accordingly, the State's Motion to Intervene (Doc. 23) is **GRANTED** on the grounds of permissive intervention and the Resident's Motion to Intervene (Doc. 12) is **DENIED**. The State shall have **21 DAYS** from the date of this order to file their Answer.

**SO ORDERED**, this 28th day of January, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**